IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSHUA L. OTEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: |
| | ) |
| CITY OF FAIRVIEW HEIGHTS | ) |
| AND MICHAEL HOGUET, | ) JURY TRIAL DEMAND |
| | ) |
| Defendants. | ) |

**COMPLAINT**

**COUNT I**
**(Discrimination under 42 U.S.C. § 2000e**
**v. City of Fairview Heights, Illinois)**

COMES NOW, Plaintiff, Josh Otey, by and through his attorneys, Peebles & Associates, LLC, and for Count I of his Complaint against the City of Fairview Heights, Illinois, states as follows:

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343. This is a suit at law, requiring the imposition of money damages under 42 U.S.C. § 2000e. The jurisdiction of this Court is invoked to secure the protection of civil rights and to address the deprivation of rights secured by Title VII of the Civil Rights Act of 1964 as amended. The U.S. Department of Justice issued a right to sue on April 26, 2013, attached hereto and marked Exhibit A.

2. Plaintiff is a resident of the State of Vermont and was a resident of the County of St. Clair, and was residing there at all times relevant to this Complaint.

3. Defendant, City of Fairview Heights, Illinois, is a body politic and corporate, organized, existing and operation under and by virtue of the laws of the State of Illinois.

4. At all times relevant to this Complaint Michael Hoguet was acting under color of law and in his official capacity for the City of Fairview Heights.

5. At all times relevant to this Complaint, Hoguet was a final policymaker for Fairview Heights.

6. In 2008, Plaintiff was hired to the position of patrolman in the City of Fairview Heights.

7. Plaintiff filed a complaint against his supervisor alleging that he had violated the employer's harassment policy by making derogatory comments directed towards him that were sexual in nature in the presence of other patrolmen.

8. With knowledge of, and in retaliation for, the above actions of Plaintiff, Plaintiff was constructively discharged.

9. The actions of Hoguet were part of a policy, practice or custom established or ratified by the City of Fairview Heights.

10. As the result of the above referenced actions, Plaintiff has been subjected to deprivation by the City of Fairview Heights, acting under color of law, of the rights, privileges, and immunities secured to him by the United States Constitution and other laws; specifically his rights and freedoms of speech and expression; of assembly ad of association, and right to be free from retaliation.

11. As a direct consequence and result of the City of Fairview Heights's actions and omissions stated above, Plaintiff has suffered an impairment of his reputation, anxiety and humiliation, mental anguish, emotional distress, loss of professional advancement and has had to expend a substantial amount of time and money in order to protect his unconstitutional deprivation.

WHEREFORE, Plaintiff respectfully prays that the Court enter a judgment for Plaintiff as follows:

- A. Compensatory damages for impairment of reputation, anxiety, humiliation, mental anguish, emotional distress, and loss of professional advancement;
- B. Reimbursement of costs and expenditures and reasonable counsel fees pursuant to 42 U.S.C. § 1988;
- C. Equitable relief expunging Plaintiff's unsatisfactory performance appraisal and all References thereto from the records of the City of Fairview Heights.
- D. Any other appropriate relief that is just and equitable to compensate Plaintiff for the injuries he has suffered.

## COUNT II
### (Deprivation of Constitutional Rights under 42 .S.C. § 1983 v. Michael Hoguet)

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343. This is a suit at law, requiring the imposition of money damages under 42 U.S.C. § 2000e. The jurisdiction of this Court is invoked to secure by Title VII of the Civil Rights Act of 1964 as amended. The U.S. Department of Justice issued a right to sue on April 26, 2013, attached hereto and marked as Exhibit A.

1. Plaintiff is a resident of the State of Vermont and was a resident of the County of St. Clair, and was residing there at all times relevant to this Complaint.

2. Hoguet was Plaintiff's immediate supervisor at the Fairview Heights Police Department.

3. At All times relevant to this Complaint, Hoguet was acting under color of law for the City of Fairview Heights.

4. This action is brought against Hoguet in his individual capacity.

5. In 2008, Plaintiff was employed as a patrolman for the Fairview Heights Police Department.

6. On December 3, 2009, Plaintiff filed a complaint against Hoguet for violation of Department Police by making derogatory comments that were sexual in nature.

7. On December 31, 2010, Plaintiff received an unsatisfactory performance rating. Plaintiff was not approved for employment afterwards.

8. In retaliation for the complaint, Hoguet wrote an unsatisfactory performance appraisal. Plaintiff was subjected to a hostile work environment and was constructively discharged as a result.

9. As a result of the above referenced actions, Plaintiff has been subjected to deprivation by Hoguet, acting under color of law, of the rights, privileges, and immunities secured to him by the United States Constitution and other laws; specifically his rights and freedoms of speech and expression; of assembly and of association; his right to be free from a hostile work environment, and to be free from retaliation when a legitimate complaint is made.

10. As a direct consequence and result of Hoguet's actions and omissions stated above, Plaintiff has suffered an impairment of his reputation, anxiety and humiliation, mental anguish, emotional distress, loss of professional advancement and has had to expend a substantial amount of time and money in order to protest his unconstitutional deprivation.

11. The above actions of Hoguet were performed intentionally or otherwise with reckless and callous indifference to Plaintiff's rights prescribed by the United States Constitution and other laws.

WHEREFORE, Plaintiff respectfully prays that the Court enter judgment for Plaintiff as follows:

A. Compensatory damages for impairment of reputation, anxiety, humiliation, mental anguish, emotional distress and loss of professional advancement;

B. Reimbursement of costs and expenditures and reasonable counsel fees pursuant to 42 U.S.C. § 1988;

C. Punitive or exemplary damages to punish and deter Hoguet;

D. Equitable relief expunging Plaintiff's unsatisfactory performance appraisal and all references thereto from the records of the City of Fairview Heights, and any other known database, federal, state, local, or commercial, which would have record of the demotion; and

E. Any other appropriate relief that is just and equitable to compensate Plaintiff for the injuries he has suffered.

JOSHUA L. OTEY

_____
Mark S. Peebles #06225823

Peebles & Associates, LLC
111 W. Washington
Belleville, IL 62220
(618) 398-4505
(618) 235-8673 (Fax)
mspeebles_2000@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that on this ___ day of July, 2013, I electronically filed this document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

City of Fairview Heights
10025 Bunkum Road
Fairview Heights, IL 62208

Michael Hoguet
10025 Bunkum Road
Fairview Heights, IL 62208