**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JOSHUA L. OTEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 13-CV-736 –SMY-PMF** |
| | ) | |
| **CITY OF FAIRVIEW HEIGHTS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pending before the Court are Plaintiff's Motions *in Limine* (Doc. 48) and Defendant's Motions *in Limine* (Doc. 47). The Court considered the motions during the final pre-trial conference, a transcript of which can be found in the record. The Court ruled on the motions as follows:

## Plaintiff's Motions *in Limine*

- Motion *in limine* No. 1 – disposition of Otey's sexual harassment claim. The Motion is **GRANTED** to the extent that it refers to the disclosure that Plaintiff filed a sexual harassment lawsuit. However, the fact that Plaintiff made an internal sexual harassment complaint is relevant.

- Motion *in limine* No. 2 – the profession of Otey's spouse and documents she prepared. The Motion is **GRANTED**.

- Motion *in limine* No. 3 – evidence of Otey's credibility. The Motion is **DENIED**.

- Motion *in limine* No. 4 – evidence of statements or opinions of Defendant's prior counsel. The Motion is **GRANTED**.

- Motion *in limine* No. 5 – Sergeant Hoguet's reports and memoranda concerning Plaintiff. The Motion is taken **UNDER ADVISEMENT** and is subject to an offer of proof prior to Defendant referring to or eliciting any testimony regarding the reports and/or memoranda.

- Motion *in limine* No. 6 – Sergeant Hoguet's written evaluations of other employees. The Motion is **DENIED**.

**Defendant's Motion *in Limine***

- Motion *in limine* No. 1 – all evidence or testimony regarding settlement negotiations or the desire to settle should be barred. The Motion is unopposed and is, therefore, **GRANTED**.

- Motion *in limine* No. 2 – evidence or argument that defendant has insurance to pay for a judgment should be barred. The Motion is unopposed and is, therefore, **GRANTED**.

- Motion *in limine* No. 3 – the Affidavit of Kenneth Coates is Only Admissible for Impeachment. The Motion is **GRANTED**.

- Motion *in limine* No. 4 – documents or conversations with non-parties about why Otey was not offered a job after leaving employment with Fairview Heights is inadmissible hearsay. The Motion is **GRANTED**.

- Motion *in limine* No. 5 – letters of recommendation that Otey received from prior employers should be barred under Fed. R. Evid. 403 and 404(a) and 802. The Motion is unopposed and is, therefore, **GRANTED**.

- Motion *in limine* No. 6 – the EEOC determination and any mention of the determination should be barred. The Court takes this Motion **UNDER ADVISEMENT**.

- Motion *in limine* No. 7 – evidence of any prior lawsuits, charges of discrimination, or internal complaints of sexual harassment against Fairview Heights or individual witnesses. The Motion is unopposed and is, therefore, **GRANTED**.

- Motion *in limine* No. 8 – evidence of back pay or front pay should be barred. The Court takes this Motion **UNDER ADVISEMENT**.

- Motion *in limine* No. 9 – evidence of Otey's job performance at other employers should be barred under Fed. R. Evid. 403 and 404(a) and 802. The Motion is **GRANTED**.

- Motion *in limine* No. 10 – evidence regarding causation of any physical or emotional injuries should be barred. The Motion is unopposed and is, therefore, **GRANTED**.

**IT IS SO ORDERED.**

**DATED: October 2, 2015**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**